UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY NORTON,

               Plaintiff,              CASE NO. 16-10848
                                       HON. DENISE PAGE HOOD

v.

ALPENA, COUNTY OF,

               Defendant.

_____/

## ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT [#11]

## I.    BACKGROUND

On March 9, 2016, Plaintiff Brandy Norton ("Norton") filed a Complaint against Defendant County of Alpena ("Alpena") alleging discrimination under the Americans with Disabilities Act of 1990 ("ADA") for failure to accommodate and retaliation (Count I). (Doc # 1) On June 1, 2016, Alpena filed an amended Motion for Summary Judgment. (Doc # 11) A Response and Reply have been filed. (Doc # 13; Doc # 14; Doc # 17) The Court held a hearing on November 9, 2016.

Norton worked for Alpena as the Plaza Pool Director from 2005 through 2012. (Doc # 1, Pg ID 2) On January 21, 2012, Norton filed a Charge of Discrimination (No. 471-2012-00641) ("First Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging disability

discrimination from March 2011 through January 2012 for failure to accommodate in violation of the ADA.  (Doc # 11-2, Pg ID 80)  On April 9, 2012, Norton filed a second Charge of Discrimination (No. 471-2012-01532) ("Second Charge") with the EEOC alleging disability discrimination from January 2012 through March 2012 for retaliation in violation of the ADA.  (Doc # 11-3, Pg ID 82)

On September 25, 2013, the EEOC issued a separate Determination for each Charge.  As to the First Charge, the EEOC determined that there is reasonable cause to believe that Norton was denied a reasonable accommodation in violation of the ADA.  (Doc # 14-8, Pg ID 158)  As to the Second Charge, the EEOC determined that there is reasonable cause to believe that Norton was subjected to different terms and conditions of employment in violation of the ADA.  (Doc # 14-9, Pg ID 161)

In June 2014, Norton received a Notice of Right to Sue ("First Notice") on the First Charge *only*.  The United States Department of Justice ("DOJ") issued this First Notice on June 10, 2014, informing Norton that she had the right to institute civil action under the ADA against Alpena within 90 days of receipt of the First Notice.  (Doc # 11-4, Pg ID 84)

According to an Affidavit of Norton, she notified the DOJ within a week that the First Notice had incorrectly omitted the Second Charge.  (Doc # 14-4, Pg ID 145)  Norton called the main number to the Civil Rights Division several times

in June 2014 and left messages. *Id.* at 146. She was told that "both RTS letters had been mailed at the same time" and was assured that the error would be corrected. *Id.* Norton called the DOJ again in or around July 2014 and was told that the DOJ could not locate the files and Notice of Right to Sue letter on the Second Charge. *Id.* She was advised to contact the EEOC to request a copy of the files and told that the EEOC would have a copy of the Notice of Right to Sue letters on the First Charge and Second Charge. *Id.* Norton sent a letter to the EEOC on July 29, 2014 requesting the documents; however, in response, she received the documents related to the First Charge only. (Doc # 14-5, Pg ID 151; Doc # 14-6, Pg ID 153-54) Norton called the EEOC and was told that was all they could locate. (Doc # 14-4, Pg ID 146) The EEOC provided Norton with contact information for Kristen Greer ("Greer") at the DOJ Civil Rights Division. Norton then called Greer and was told again that the Notice of Right to Sue letter on the Second Charge had been mailed out. Greer told her that she would speak with the Employment Litigation Division to have the situation "taken care of," "rectified," and "don't worry." *Id.*

On December 17, 2015, the DOJ issued a Notice of Right to Sue ("Second Notice") on *both* the First Charge *and* the Second Charge informing Norton that she had the right to institute civil action under the ADA against Alpena within 90 days of receipt of the Second Notice. (Doc # 11-5, Pg ID 87). This Second Notice

also stated:  "Please be advised that this notice, originally dated June 10, 2014, is being re-issued and the new applicable date is the date of this letter."  *Id.* at 88.

Norton then hired an attorney, and she filed her one-count Complaint on March 9, 2016, within 90 days of receipt of the Second Notice.  Count I contains both the failure to accommodate claim related to the First Charge and the retaliation claim related to the Second Charge.  (Doc # 1, Pg ID 2-8)

Through the instant motion, Alpena argues that it is entitled to judgment as a matter of law because Norton failed to file this litigation within 90 days of receiving the First Notice from the DOJ in July 2014.  Norton argues that Alpena waived its right to challenge the jurisdiction of this Court.  Norton further argues that equitable tolling is appropriate here.

## II.    ANALYSIS

### A. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a

4

reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view admissible evidence in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## B. Challenge to Jurisdiction and Statute of Limitations Defense

Norton argues that Alpena waived its right to challenge the jurisdiction of this Court within its Answer by filing its pleading before filing its Motion, and that Alpena waived its right to assert a statute of limitations defense.

Alpena replies that it properly asserted a statute of limitations argument in its Affirmative Defenses.  Alpena argues that although this Court has the jurisdiction to hear this lawsuit, it is untimely, and Norton does not meet the equitable tolling threshold.

In *Truitt v. County of Wayne*, the Sixth Circuit held that the 90-day filing requirement of a Title VII "is **not** a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling."  148 F.3d 644, 646-47 (6th Cir. 1998) (emphasis in original).

The Court finds that Alpena's Motion is not challenging the jurisdiction of this Court, but rather, asserting a statute of limitations defense, which Alpena properly asserted in its Answer.  (Doc # 6, Pg ID 26)

## C. Whether Equitable Tolling is Appropriate

Alpena argues that it is entitled to judgment as a matter of law because Norton failed to file this litigation within 90 days of receiving the First Notice from the DOJ in July 2014.  Alpena argues that the First Notice is facially valid and has priority, even if flawed.  Alpena argues that, although the First Notice did not include the Second Charge, Norton's retaliation claim is also untimely because, by her own admission, she had actual notice that the DOJ issued a Notice of Right to

Sue letter on the Second Charge in June 2014.[1]   Alpena asserts that this created a

deadline to file litigation on both claims of September 2014.  Alpena also argues

that because the EEOC did not issue a written notice of intent to reconsider, the

original 90-day deadline for filing litigation applies, irrespective of the Second

Notice.   Alpena further argues that Norton is not entitled to equitable tolling

because she had actual knowledge that she should file litigation by September

2014, she was not diligent in waiting until March 2016 to pursue her rights, and

Alpena will be prejudiced in attempting to defend against allegations from five

years ago.

Norton argues that equitable tolling is appropriate here because:  (1) the First

Notice was defective on its face and facially invalid; (2) Norton diligently followed

up with the DOJ to obtain a Notice of Right to Sue letter on the Second Charge; (3)

Norton relied on the DOJ when it told her not to worry and did everything the DOJ

told her to do to get a Notice of Right to Sue letter that included the Second

Charge; (4) Alpena had notice of the Second Charge and could not have been

surprised by the issuance of the Second Notice on the Second Charge, or by

Norton's Complaint in March 2016 following the Second Notice; (5) Alpena has

not suffered any prejudice; (6) even if the Court finds that the failure to

---

[1] Alpena also argued that Norton had only alleged a discrimination claim for failure to
accommodate, had not alleged a retaliation claim, and her time to do so has passed, but Alpena
appears to abandon that argument in its Reply.  In any event, it is clear on the face of the
Complaint that Count I includes both a failure to accommodate claim and a retaliation claim.
(Doc # 1, Pg ID 2-8)

accommodate claim is untimely, the retaliation claim is timely because the Complaint was filed within 90 days of receipt of the Second Notice, which was the first Notice of Right to Sue letter that included the Second Charge of retaliation; and (7) Norton could not have properly filed her Complaint on both Charges before receiving a Notice of Right to Sue letter as to the Second Charge.

In the employment discrimination context, the Sixth Circuit has enumerated five factors that are "pertinent to a decision whether to apply equitable tolling":  (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.  *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  The Sixth Circuit has also cautioned that equitable tolling "is not an escape valve through with jurisdictional requirements will evaporate since the tolling of the statutory periods on equitable grounds is usually very much restricted."  *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981) (citations omitted).

Norton first argues that the First Notice was defective on its face and facially invalid because it omitted the Second Charge.  The Court finds this argument unpersuasive.  There is no dispute that Norton received the First Notice, issued on June 10, 2014, which included the First Charge and informed Norton that she had the right to institute a civil action within 90 days of receipt of the notice.  Norton

8

admits that in June 2014 the DOJ told her that two Right to Sue Letters "had been mailed at the same time." (Doc # 14-4, Pg ID 146). This greatly undermines Norton's argument that the First Notice contained an error or omission which rendered it "facially invalid." Alpena notes, and the record reflects, that documents related to the First Charge were mailed separately from documents related to the Second Charge presumably because Norton filed each Charge separately. The Second Notice, issued on December 17, 2015, states that the DOJ is simply "re-issuing" the notice "originally dated June 10, 2014" and does not indicate that the First Notice was invalid.[2]

---
[2]

 The Second Notice issued by the DOJ on December 17, 2015 stated that "this notice, originally dated June 10, 2014, is being re-issued and the new applicable date is the date of this letter." (Doc # 11-5, Pg ID 88) Alpena additionally argues that because the EEOC did not issue a written notice of intent to reconsider, the original 90-day deadline for filing litigation applies, irrespective of the Second Notice. While the Court need not reach this argument, it notes that the applicable regulations do not give the Attorney General the authority to "re-issue" a Notice of Right to Sue with a "new applicable date." *See* 29 C.F.R. § 1601.

The regulations do give the EEOC authority to reconsider a determination, in which case the EEOC must promptly issue to all parties a notice of intent to reconsider; however, the EEOC will not reconsider determinations of reasonable cause previously issued against a government, governmental entity, or political subdivision. *Id.* at § 1601.21(b). If the EEOC issues a notice of intent to reconsider "within 90 days from receipt of a notice of right to sue and the charging party has not filed suit and did not receive a notice of right to sue . . ., the notice of intent to reconsider will . . . revoke the notice of right to sue. If the 90 day period has expired [or] the charging party has filed suit . . . the notice of intent to reconsider will vacate the dismissal or letter of determination, but will not revoke the notice of right to sue. After reconsideration the Commission will issue a determination anew. In those circumstances where the notice of right to sue has been revoked, the Commission will . . . issue a notice of right to sue anew which will provide the charging party with 90 days within which to bring suit." *Id.*

To the extent that Norton's arguments rely on *Gonzalez v. Firestone Tire & Rubber Co.*, the Court finds that case inapposite here. 610 F.2d 241 (5th Cir. 1980). In *Gonzalez*, the Fifth Circuit found the district court's dismissal of the case improper because the EEOC had issued a second Notice of Right to Sue after promptly notifying both parties that it would reconsider its previous determination

When confronted with questions regarding the validity of a Right to Sue Letter, courts in this circuit have focused on whether the letter gave sufficient notice to the plaintiff of her responsibilities under the act, and whether the court would have had jurisdiction to entertain the action based upon the letter at issue. If so, the letter is generally not considered invalid. *See Brown*, 646 F.2d at 1165; *Minor v. Northville Pub. Schs.*, 605 F. Supp. 1185, 1195 (E.D. Mich. 1985). In this case, it seems plain that Norton had sufficient notice of her responsibilities under the act when she spoke with the DOJ in July 2014 after receiving the First Notice. At that point, Norton had actual knowledge that the DOJ had issued two Right to Sue Letters, one for each Charge. Norton also had at least constructive knowledge that she needed to file suit within 90 days on both the First Charge and Second Charge, given the language contained in the First Notice stating this responsibility. Contrary to Norton's assertion that she could not have properly filed her Complaint on both Charges at that point, courts in this circuit have held the opposite. As noted in *Brown* and *Minor*, if Norton had timely filed suit on or before September 2014, and the First Notice had been challenged as deficient, "there exists no reason why the court could not have stayed the proceeding until plaintiff could have cured the defect. Moreover, had plaintiff filed suit . . . the

---

41 days after the issuance of the first Notice of Right to Sue letter. *Id.* at 246. In this case, the EEOC has never issued a written notice of intent to reconsider. Indeed, it would lack the authority to do so. *See* 29 C.F.R. § 1601.21.

court could have waived the requirement of a notice from the Justice Department."
*Minor*, 605 F. Supp. at 1196; *see Brown*, 646 F.2d at 1167.  The Court concludes
that the First Notice was valid and commenced the statutory period for Norton to
bring suit in district court.

Norton also argues that her retaliation claim related to the Second Charge is
timely because the Complaint was filed within 90 days of receipt of the Second
Notice, which was the first Notice of Right to Sue letter that included the Second
Charge of retaliation.  The Court finds that this argument must also fail.  In *Cook v.
Providence Hosp.*, the plaintiff claimed that she did not receive a Notice of Right
to Sue letter that was issued in May 1983.  820 F.2d 176, 177 (6th Cir. 1987).  The
plaintiff admitted that, over a year later in June 1984, she had a conversation with
an EEOC employee who told her that the charge had been administratively closed
in May 1983 and that she "should have received a Right to Sue."  *Id.*  The plaintiff
finally received a Notice of Right to Sue letter in July 1985 and filed suit within 90
days of receiving that letter.  *Id.*  The Sixth Circuit found that whether or not the
plaintiff received the Notice of Right to Sue letter prior to July 1985 was not
determinative because she admitted "that she had actual knowledge, fully one year
prior to suit, that the EEOC had given her the right to sue; yet, she unjustifiably
failed to pursue her rights."  *Id.* at 179.  The court quoted the district court's
observation that "[a]n illogical, absurd result would occur if despite having actual

knowledge in 1984 of the E.E.O.C.'s determination, Plaintiff could delay filing her race discrimination lawsuit until the E.E.O.C. sent a second notice to her in 1985." *Id.* at 178.  The Sixth Circuit held that equitable tolling does not apply where a plaintiff has actual knowledge, more than 90 days before filing suit, that she can sue her former employer.  *Id.* at 180.

In this case, Norton admits that she had actual notice that the DOJ issued a Notice of Right to Sue letter on the Second Charge as of June 2014 when the DOJ expressly told her this.  While Norton claims that she relied on DOJ assurances "not to worry" and did everything the DOJ told her to do to get a copy of the Notice of Right to Sue letter related to the Second Charge, Norton makes no allegation that the DOJ or any other actor deterred her from timely filing suit or misinformed her regarding her responsibilities under the Act.[3]  The Court finds that, like the plaintiff in *Cook*, Norton unjustifiably failed to pursue her rights for over a year and a half until the DOJ "re-issued" the notice a second time.  The Court concludes that, under these facts, equitable tolling does not apply.

Turning to the five factors enumerated in *Andrews* that are pertinent to the decision whether to apply equitable tolling only further supports the conclusion

---

[3] *Cf. Brisbane v. Port Auth. of N.Y. and N.J.*, 414 F. Supp. 604 (S.D.N.Y. 1976) (allowing suit to go forward where plaintiff relied on written notice from EEOC expressly and incorrectly stating that plaintiff had to wait to file suit until obtaining letter from DOJ); *Ramos v. Port Auth.*, No. 76 Civ. 312, 1976 WL 581 (S.D.N.Y. June 23, 1976) (allowing suit to go forward where plaintiff relied on written notice from EEOC expressly and incorrectly stating that plaintiff had to wait to file suit until obtaining letter from DOJ).

that application of this doctrine is not appropriate in this case.  Regarding the first factor, Norton had actual notice of the filing requirement as of June 2014 by virtue of the First Notice expressly informing her of the filing requirement as well as her conversation with the DOJ in which the DOJ confirmed that Norton had a right to sue her employer as to the First and Second Charge and that "both RTS letters had been mailed at the same time."

Regarding the second factor, given that Norton had actual notice of the filing requirement, she certainly also had constructive knowledge of the filing requirement based again on the First Notice and her conversation with the DOJ in June 2014.

Regarding the third factor, as discussed above, it cannot be said that Norton diligently pursued her rights.  The Court notes that the DOJ and EEOC appear to have no record of the Notice of Right to Sue Letter related to the Second Charge having ever been sent to Norton.  The Court acknowledges Norton's claims that she diligently pursued a copy of the Notice of Right to Sue Letter related to the Second Charge, though it is unclear what her efforts were from August 2014 on. Her Affidavit simply states that she called the DOJ again.  Regardless, in the absence of any allegation that the DOJ or EEOC instructed her not to file suit until she received a copy of the Notice of Right to Sue Letter related to the Second Charge (which the DOJ had told her several times had already been mailed), the

Court does not find that Norton diligently pursued her rights when she waited for over a year and a half after having actual notice that she had a right to sue her employer as to both Charges to actually file this suit.

Regarding the fourth factor, Alpena argues that it will be prejudiced in attempting to defend against allegations from five years ago. Alpena notes that had Norton timely filed suit in September 2014, witnesses would have a better recollection of the facts pertaining to Norton's employment, performance, alleged disability, and ability to perform her job. As the Sixth Circuit observed in *Brown*, to accept Norton's arguments would mean that she and any other plaintiff could theoretically wait an indefinite amount of time before obtaining a "valid" notice and then could commence an action against a surprised employer. *See Brown*, 646 F.2d at 1166. "A statute of limitations promotes justice by preventing surprises through the revival of claims that have been allowed to slumber. . . . In the context of Title VII, it is designed to protect employers from stale claims." *Minor*, 605 F. Supp. at 1198 (citations omitted). The Court concludes that Alpena would be prejudiced by having to defend this action that should have been brought over a year and half earlier.

Regarding the fifth factor, the Court finds that Norton was not reasonable in remaining ignorant of the requirement to file this suit by September 2014. Norton had actual knowledge of her right to sue as of July 2014. She had the opportunity

to commence a civil action and neglected to do so until March 2016.  Her failure to do so was not a result of the DOJ or any other actor misinforming her about the filing requirement.  Nor did Norton timely pursue an alternate judicial remedy.  *See Minor*, 605 F. Supp. at 1196.

The Court concludes that Norton's receipt of the First Notice together with her conversation with the DOJ in June 2014 commenced the statutory period for Norton to bring suit in district court on both Charges.  Norton should have filed this suit within 90 days of her conversation with the DOJ.  She failed to act, leaving Alpena with reason to conclude that the matter was resolved.  The DOJ "re-issuing" notice via the Second Notice a year and half later with a purported "new applicable date" contravenes the statutory concern for finality.  *See Brown*, 646 F.2d at 1168.  The doctrine of equitable tolling is to be carefully applied in very limited circumstances, and the Court declines to apply it in this case.  *See Andrews*, 851 F.2d at 151.  Alpena is entitled to judgment as a matter of law.


## III.   CONCLUSION:

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Amended Motion for Summary Judgment (Doc # 11) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  March 29, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2017, by electronic and/or ordinary mail.


S/LaShawn R. Saulsberry
Case Manager